**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

---

**INTEX RECREATION CORP.,**
*Appellant*,

**BESTWAY (USA), INC.,**
*Appellee*

v.

**TEAM WORLDWIDE CORPORATION,**
*Cross-Appellant*

---

*2020-1141, 2020-1142, 2020-1143, 2020-1149, 2020-1150, 2020-1151.*

---

*Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2018-00872, IPR2018-00873, IPR2018-00871, and IPR2018-00874.*

---

**CROSS-APPELLANT TEAM WORLDWIDE CORPORATION'S MOTION TO REMAND**

Robert M. Harkins
RUYAK CHERIAN LLP
1936 University Ave.
Suite 350
Berkeley, CA 94704
(510) 944-0187

Timothy E. Bianchi
SCHWEGMAN LUNDBERG WOESSNER, P.A.
121 South 8th St.
Minneapolis, MN 55402
(612) 373-6912

February 14, 2020

*Counsel for Cross-Appellant Team Worldwide Corporation*

Cross-Appellant Team Worldwide Corporation ("TWW") respectfully moves the Court to vacate certain of the final written decisions entered by the Patent Trial and Appeal Board that are adverse to the '394 Patent and to remand for further proceedings consistent with the Court's decision in *Arthrex, Inc. v. Smith & Nephew, Inc.*, No. 18-2140, 2019 WL 5616010 (Oct. 31, 2019). In *Arthrex*, the Court held that administrative patent judges (APJs) of the Patent Trial and Appeal Board ("PTAB") were appointed in violation of the Constitution's Appointments Clause. *Id.* at *8 (slip op. 20). The Court severed the portion of the statute restricting the removal of APJs and remanded for a new decision—including a new oral hearing—before a new panel of properly appointed APJs. *Id.* at *10–12 (slip op. 25–30). Because TWW is in the same position as the appellants in *Arthrex* and subsequent cases that have been remanded to the Board following *Arthrex*, TWW is entitled to the same relief.

**BACKGROUND**

This appeal arises out of five *inter partes* reviews of claims 1-12, and 16-23 of TWW's U.S. Pat. 7,246,394 (the '394 Patent) filed by Appellant and Appellee.[1] *See* Notice Forwarding Certified List (Doc. No. 4) at 6. The Board instituted trial in all five proceedings and issued its final written decisions on different

[1] Appellant Intex Recreation Corp. ("Intex") and Appellee Bestway (USA), Inc. ("Bestway") were joined by other parties as petitioners in the underlying *inter partes* review proceedings.

dates, all of which preceded the date upon which *Arthrex* was decided:

- September 11, 2019 for IPR2018-00872 (2020-1141);
- September 12, 2019 for IPR2018-00870 (2020-1149) and IPR2018-00871 (2020-1151);
- October 18, 2019 for IPR2018-00873 (2020-1142); and
- October 25, 2019 for IPR2018-00874 (2020-1151).

Cross-Appellant (and patent owner) TWW timely appealed decisions adverse to the ’394 Patent. Appellant also appealed decisions confirming the ’394 Patent. The resulting six appeals were consolidated by the Court in its order of November 26, 2019 (Document No. 2 of this 2020-1141).

Patent Owner TWW seeks remand of the Board decisions adverse to the ’394 Patent (“the Decisions”), which are:

(1) the final written decision ordering claims 1-12 and 16-23 (all claims in which *inter partes* review was ordered) unpatentable in IPR2018-00870 (formerly appeal 2020-1149);

(2) the final written decision ordering claims 1-12 and 16-23 (all claims in which *inter partes* review was ordered) unpatentable in IPR2018-00874 (formerly appeal 2020-1151); and

(3) that portion of the final written decision ordering claims 1-3, 7-12, 16-18, 22 and 23 of the ‘394 Patent unpatentable in IPR2018-00871 (formerly appeal

2020-1150).[2]

The Decisions—handed down before this Court's decision in *Arthrex*—were issued by a panel of three APJs. Those APJs were neither appointed by the President nor confirmed by the Senate; instead, they were "appointed by the Secretary of Commerce, in consultation with the Director of the USPTO." *Arthrex*, 2019 WL 5616010, at *3–4 (slip op. 6, 11) (citing 35 U.S.C. § 6(a)). "No presidentially-appointed officer ha[d] independent statutory authority to review [the APJs'] final written decision" in this case "before [it] issue[d] on behalf of the United States." *Id.* at *4 (slip op. 9); *see* 35 U.S.C. §§ 318–319. At all times—from institution through the final written decision—"[t]he only actual removal authority the Director or Secretary ha[d] over APJs [was] subject to limitations by Title 5"—namely, APJs could be "removed 'only for such cause as will promote the efficiency of the service.'" *Arthrex*, 2019 WL 5616010, at *7 (slip op. 16) (quoting 5 U.S.C. § 7513(a)).

---

[2] A partial remand of the final written decision in IPR2018-00871 (the portion which is adverse to patent owner) is consistent with this Court's recent decision in *Ciena Corporation v. Oyster Optics, LLC,* No. 2019-2117 (Fed. Cir. Jan. 28, 2020). If the Court does not find TWW's appeal of the decision against claims 1-3, 7-12, 16-28, 22 and 23 (formerly 2020-1150) severable from Appellant's appeal of the confirmation of claims 4-6 and 19-21 (formerly 2020-1143) issued in the same final written decision of IPR2018-00871, then TWW respectfully requests remand of the entire final written decision.

## ARGUMENT

TWW is entitled to *vacatur* of the Board's Decisions and a hearing before a new panel of APJs.

*Arthrex* held that the APJs who heard and decided that case did so in violation of the Constitution's Appointments Clause. Specifically, *Arthrex* determined that "[t]he lack of any presidentially-appointed officer who can review, vacate, or correct decisions by the APJs combined with the limited removal power" makes those APJs "principal officers" for Appointments Clause purposes. *Arthrex*, 2019 WL 5616010, at *8 (slip op. 20). "As such," the Court explained, "they must be appointed by the President and confirmed by the Senate; because they are not, the current structure of the Board violates the Appointments Clause." *Id.* To remedy this constitutional violation, *Arthrex* severed the Patent Act's limitations on APJs' removal from office. *Id.* at *10 (slip op. 25).

*Arthrex* holds that the appropriate relief for a litigant whose case was determined by an improperly constituted Board includes a remand for the appointment of a "new panel of APJs" who are removable at will; it also specifically includes a "new hearing." *Id.* at *12 (slip op. 29) (citing *Lucia v. SEC*, 138 S. Ct. 2044, 2055 (2018)). To preserve the right to this relief, a patent owner need not have raised the Appointments Clause challenge before the Board itself: "the Board was not capable of providing any meaningful relief to this type of

Constitutional challenge and it would therefore have been futile … to have made the challenge there." *Id.* at *11 (slip op. 27). Instead, a challenger need only have "properly and timely raised" the issue "before the first body capable of providing it with the relief sought"—*i.e.*, this Court. *Id.* (slip op. 28). Post-*Arthrex* orders in other cases confirm that the Appointments Clause issue is timely if presented in the appellant's opening brief or a motion filed before that brief.[3]

Because the APJs that invalidated TWW's patent sat in violation of the Appointments Clause, and because TWW has timely raised the issue to this Court, TWW is entitled to *vacatur* and remand for appointment of a new panel of APJs.

## CONCLUSION

For the foregoing reasons, TWW respectfully requests that the Court vacate the Board's Decisions and remand the matters to the Board for further proceedings consistent with *Arthrex*.

Counsel for Cross-Appellant TWW solicited Appellant's and Appellee's

[3] *Compare Bedgear, LLC v. Fredman Bros. Furniture Co.*, Nos. 18-2082, -2083,-2084, 2019 WL 5806893, at *1 (Fed. Cir. Nov. 7, 2019) (vacating and remanding where appellant raised Appointments Clause challenge in opening brief); *Uniloc 2017 LLC v. Facebook, Inc.*, No. 18-2251, 2019 WL 5681316, at *1 (Fed. Cir. Oct. 31, 2019) (same), *with Customedia Techs., LLC v. Dish Network Corp.*, No. 19-1001, 2019 WL 5677704, at *1 (Fed. Cir. Nov. 1, 2019) (declining to vacate and remand where appellant "did not raise any semblance of an Appointments Clause challenge in its opening brief or raise this challenge in a motion filed prior to its opening brief").

position on this motion by email to their counsel of record on February 13, 2020. Appellant's counsel responded with some questions about a related district court action, but final agreement was not yet reached as to whether Appellant would join as of the time of the filing of this motion. Appellee's counsel did not respond before the filing of this motion.

February 14, 2020

Respectfully Submitted,

/s/Robert M. Harkins

Timothy E. Bianchi
SCHWEGMAN LUNDBERG WOESSNER, P.A.
121 South 8th St.
Minneapolis, MN 55402
(612) 373-6912

Robert M. Harkins
RUYAK CHERIAN LLP
1936 University Ave.
Suite 350
Berkeley, CA 94704
(510) 944-0187

*Counsel for Cross-Appellant Team Worldwide Corporation*

## CERTIFICATE OF INTEREST

Counsel for Cross-Appellant Team Worldwide Corporation, certifies the following:

1. **The full name of every party represented by me is:**

   Team Worldwide Corporation

2. **The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

   None.

3. **All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party represented by me are:**

   None.

4. **The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me before the agency or are expected to appear in the court (and who have not or will not enter an appearance in this case) are:**
   RuyakCherian LLP, 1700 K Street NW, Suite 810, Washington, DC 20006
   Ronald Wielkopolski
   Amadou K. Diaw

5. **The title and number of any case known to me to be pending in this or any other court or agency that will directly affect or be directly affected by this Court's decision in the pending appeal are:**

   - *Intex Recreation Corp., et al. v. Team Worldwide Corporation,* Case Nos. 20-1141, 20-1142, 20-1143, 20-1149, 20-1150, 20-1151, which have been consolidated under 20-1141;

   - *Intex Recreation Corp., et al. v. Team Worldwide Corporation,* Case No. 20-1144, which is designated as a companion case to Case No. 20-1141;

   - *Intex Recreation Corp., et al. v. Team Worldwide Corporation,* IPR2018- 00859 (PTAB);

- *Intex Recreation Corp., et al. v. Team Worldwide Corporation,* IPR2018- 00870 (PTAB);

- *Intex Recreation Corp., et al. v. Team Worldwide Corporation,* IPR2018- 00871 (PTAB);

- *Intex Recreation Corp., et al. v. Team Worldwide Corporation,* IPR2018- 00872 (PTAB)*;*

- *Intex Recreation Corp., et al. v. Team Worldwide Corporation,* IPR2018- 00873 (PTAB)*;*

- *Intex Recreation Corp., et al. v. Team Worldwide Corporation,* IPR2018- 00874 (PTAB);

- *Intex Recreation Corp., et al. v. Team Worldwide Corporation,* IPR2018- 00875 (PTAB);

- *Team Worldwide Corporation v. Macy's, Inc. & Macys.com, LLC,* No. 2:19- cv-00099-JRG (E.D. Tex.)*;*

- *Team Worldwide Corporation v. Target Corporation and Target Brands, Inc.,* No. 2:19-cv-00100-JRG (E.D. Tex.);

- *Team Worldwide Corporation v. The Home Depot, Inc.,* No. 2:19-cv-00098- JRG (E.D. Tex.);

- *Team Worldwide Corporation v. Dick's Sporting Goods, Inc.,* No. 2:19- cv00097-JRG (E.D. Tex.)*;*

- *Team Worldwide Corporation v. Costco Wholesale Corporation,* No. 2:19- cv00096-JRG (E.D. Tex.)*;*

- *Team Worldwide Corporation v. Bed Bath & Beyond, Inc.,* No. 2:19-cv00095-JRG (E.D. Tex.)*;*

- *Team Worldwide Corporation v. Amazon.com, Inc. and Amazon.com LLC,* No. 2:19-cv-00094-JRG (E.D. Tex.)*;*

- *Team Worldwide Corporation v. Ace Hardware Corporation,* No. 2:19- cv00093-JRG (E.D. Tex.);

- *Team Worldwide Corporation v. Academy, Ltd. d/b/a Academy Sports*

\+ *Outdoors,* No. 2:19-cv-00092-JRG (E.D. Tex.);

• *Team Worldwide Corporation v. Walmart Inc., et al.,* No. 2:17-cv-00235-JRG (E.D. Tex.).

• *Team Worldwide Corporation v. Sears, Roebuck and Co., Sears Holdings Corporation, and Transform Holdco LLC,* No. 2:20-cv-00006 (E.D. Tex.).

• Patent infringement claim regarding the patent-in-suit filed in *In re Sears Holding Corp., et al. chapter 11 bankruptcy cases pending before the United States Bankruptcy Court for the Southern District of New York,* Case No. 18- 23538 (RDD) (Jointly Administered)

February 14, 2020

/s/Robert M. Harkins
Robert M. Harkins

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2020 I electronically filed the foregoing Motion to Remand with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit using the Court's CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the CM/ECF system.

/s/ Timothy E. Bianchi
Timothy E. Bianchi

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 27(d), it contains 1,231 words.

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using Microsoft Word Ver. 16.32 in 14-point Times New Roman type style, a proportionally spaced typeface.

February 14, 2020

/s/ Robert M. Harkins
Robert M. Harkins