RUYAK CHERIAN LLP

1936 University Ave., Suite 350
Berkeley, CA 94704
Direct Dial: (510) 944-0187
bobh@ruyakcherian.com

**Robert Harkins**
**Partner**

April 2, 2020

**VIA CM/ECF**

Col. Peter R. Marksteiner, USAF, Ret.
Circuit Executive and Clerk of the Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington D.C. 20439

Re: Citation of Supplemental Authority Under Fed. R. App. P. 28(j) in *Intex Recreation Corp. and Bestway (USA), Inc. v. Team Worldwide Corp.*, No. 20-1141

Dear Col. Marksteiner:

Pursuant to Federal Rule of Appellate Procedure 28(j), Federal Circuit Rule 28(i) and in furtherance to its replies filed on Monday March 30, 2020, Cross-Appellant Team Worldwide Corporation ("TWW") files this notice of supplemental authority to advise the Court of "pertinent and significant authorities" that have come to TWW's attention after its motion and reply were filed.

TWW timely filed replies to responses filed by Intervenor Office of the Solicitor and Appellee Intex on Monday, March 30, 2020 in the above-identified appeal. TWW learned today that in another appeal the Solicitor requested that this Court make its decision in *Ciena Corporation v. Oyster Optics, LLC* (which holds that while patent owners preserve their constitutionality challenges under Arthrex, petitioner appeals are waived) precedential. *See* "Request to Make Precedential," *Ciena Corporation v. Oyster Optics, LLC*, Appeal No. 19-2117 (Fed. Cir. Mar. 30, 2020) (the "Request"), attached hereto. The Solicitor filed its Request on the same day that TWW's replies were filed.

The Solicitor's Request is consistent with TWW's motions and replies in the above-identified appeal. TWW provides the Request for the Court's consideration

in deciding the motion before the Court in this case and in the remaining undecided cases set forth in the Request.

Respectfully submitted,

Date: April 2, 2020

*/s/ Robert M. Harkins, Jr.*
Robert M Harkins, Jr.
RUYAKCHERIAN, LLP
1936 University Ave, Ste 350
Berkeley, CA 94704
(510) 944-0190

Timothy E. Bianchi
SCHWEGMAN LUNDBERG
WOESSNER, P.A.
121 South 8th St.
Minneapolis, MN 55402
(612) 373-6912

*Counsel for Cross-Appellant Team Worldwide Corporation*

cc: All counsel of record (via CM/ECF)

**United States Patent and Trademark Office**

*Office of the General Counsel*
*Office of the Solicitor*

March 30, 2020

VIA CM/ECF

Col. Peter R. Marksteiner, USAF, Ret.
Circuit Executive and Clerk of the Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re: *Ciena Corporation v. Oyster Optics, LLC*, Appeal No. 19-2117 (Fed. Cir. Jan. 28, 2020) – Request to Make Precedential

Dear Colonel Marksteiner:

Pursuant to Fed. Cir. R. 32.1(e), the Director of the United States Patent and Trademark Office (USPTO) respectfully requests that the Court reissue its nonprecedential opinion in *Ciena Corporation v. Oyster Optics, LLC*, Appeal No. 19-2117 (Fed. Cir. Jan. 28, 2020), as a precedential opinion. This request is made within 60 days after the nonprecedential opinion was issued.

In *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019) (reh'g denied), this Court decided an Appointments Clause challenge made by a party for the first time on appeal, excusing the party's failure to raise the issue to the USPTO in the first instance. *Arthrex's* determination that administrative patent judges of the USPTO's Patent Trial and Appeal Board were improperly appointed principal officers represented a significant new proposition of law that affected many other parties besides the government and the private parties involved in that case. As the Court is aware, since *Arthrex*, many parties have sought to vacate and remand USPTO decisions alleging Appointments Clause defects. The Court has granted some of those requests and denied others. In *Ciena*, the Court for the first time addressed a request to vacate and remand by an inter partes review *petitioner* who affirmatively sought the USPTO's adjudication and never raised any perceived problems to the agency. The Court denied the petitioner's request.

Citing *Ciena*, this Court has denied at least five other requests to vacate and remand in that same situation (*see* first list below), yet parties in the same situation continue to raise the same argument in pending motions and in briefs (*see* second list below). A precedential opinion would reduce that motions practice and save the Court time.

The *Ciena* opinion fits many of the criteria listed in the Court's Internal Operating Procedure 10 for making a decision precedential. Under IOP 10.2, making *Ciena* precedential would be helpful in informing other interested parties who are not parties to *Ciena* itself, at least those listed below, of the Court's analysis regarding which parties might be entitled to vacatur of USPTO decisions and which might not. Under IOP 10.4(a), (g), and (h), *Ciena* is the first opinion addressing this legal issue of substantial public interest and it is a significantly new factual situation of broad interest, as all parties who have appealed from the USPTO's proceedings since *Arthrex* have likely considered the *Arthrex* question, at least for themselves if not in briefs to this Court. Under IOP 10.4(b), *Ciena* is an issue of first impression with respect to the way the Court applies *Arthrex*'s holding when it comes to petitioners. And under IOP 10.4(e), *Ciena* represents an example of applying existing rules of law regarding forfeiture to significantly different facts than those this Court addressed in *Arthrex*. Indeed, as discussed above, other cases issued by this Court are already citing the *Ciena* opinion for the proposition of law it states.

And this Court has previously deemed opinions worthy of publication when they address how challenges based on the constitutional rule *Arthrex* announced can be forfeited. *Customedia Techs., LLC v. Dish Network Corp.*, 941 F.3d 1174 (Fed. Cir. 2019).

The USPTO is aware of a number of pending appeals that would be affected by reissuance of *Ciena* as precedential.

First, the following pending appeals involved this Court's declining to vacate and remand because it was the inter partes review petitioner, who affirmatively sought the USPTO's adjudication, complaining for the first time that the administrative patent judges performing that adjudication were unconstitutionally appointed. *Provepharm Inc. v. Wista Labs. Ltd.*, Nos. 19-2372, -2373, ECF No. 50 (Fed. Cir. Feb. 21, 2020) (non-precedential); *Hytera Communications Co. v. Motorola Solutions, Inc.*, No. 19-2124, ECF No. 36 (Fed. Cir. Jan. 30, 2020) (non-precedential); *Sierra Wireless, Inc. v. Koninklijke KPN N.V.*, No. 19-2082, ECF No. 29 (Fed. Cir. Jan. 29, 2020) (non-

precedential); *Caterpillar Inc. v. Wirtgen America, Inc.*, No. 19-2206, ECF No. 37 (Fed. Cir. Jan. 29, 2020) (non-precedential); *Caterpillar Inc. v. Wirtgen America, Inc.*, Nos. 19-2294, -2338, ECF No. 38 (Fed. Cir. Jan. 29, 2020) (non-precedential).

Second, at least the following pending appeals involve an appellant who was an inter partes review petitioner arguing that its case should be vacated and remanded based on alleged Appointments Clause problems. In these cases the issue has not yet been decided by the Court. *Moderna Therapeutics v. Protiva Biotherapeutics*, Nos. 20-1184, -1186, ECF No. 37 (Fed. Cir. motion filed Mar. 6, 2020); *Valve Corporation v. Ironburg Inventions*, Nos. 20-1315, -1379, ECF No. 24 (Fed. Cir. motion filed Feb. 28, 2020); *Valve Corporation v. Ironburg Inventions*, No. 20-1316, ECF No. 22 (Fed. Cir. motion filed Feb. 22, 2020); *Palo Alto Networks, Inc. v. Finjan, Inc.*, No. 19-2151, ECF No. 56, at 4, 32, 49 (Fed. Cir. blue brief filed Nov. 27, 2019); *United Fire Protection Corp. v. Engineered Corrosion Solutions*, No. 20-1272, ECF No. 16 (Fed. Cir. motion filed Jan. 9, 2020); *Comcast Cable Comm. v. Promptu Sys. Corp.*, No. 19-1947, -1948, ECF No. 26, at 66 (Fed. Cir. blue brief filed Nov. 15, 2019); *Comcast Cable Comm. v. Promptu Sys. Corp.*, No. 19-2287, -2288, ECF No. 18, at 66 (Fed. Cir. blue brief filed Nov. 15, 2019); *Baby Trend, Inc. v. Wonderland Nurserygoods*, No. 19-2309, ECF No. 28, at 65-66 (Fed. Cir. corrected blue brief filed Feb. 24, 2020).

For the foregoing reasons, the USPTO respectfully requests that the Court reissue *Ciena* as a precedential opinion.

Respectfully submitted,

/s/ Molly R. Silfen
THOMAS W. KRAUSE
*Solicitor*

FARHEENA Y. RASHEED
*Deputy Solicitor*

MOLLY R. SILFEN
MAUREEN D. QUELER
*Associate Solicitors*
Office of the Solicitor
U.S. Patent and Trademark Office
Mail Stop 8, P.O. Box 1450
Alexandria, VA 22313
(571) 272-9035

cc: Counsel of Record via CM/ECF

Case: 20-1141 Document: 41 Page: 3 Filed: 04/02/2020

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2020, I electronically filed the foregoing with the Court's CM/ECF filing system, which constitutes service, pursuant to Fed. R. App. P. 25(c)(2) and Fed. Cir. R. 25(e).

*/s/ Molly R. Silfen*
Associate Solicitor
Office of the Solicitor
U.S. Patent and Trademark Office
Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313
(571) 272-9035

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2020, I electronically filed the foregoing with the Court's CM/ECF filing system, which constitutes service, pursuant to Fed. R. App. P. 25(c)(2) and Fed. Cir. R. 25(e).

*/s/ Timothy E. Bianchi*
Timothy E. Bianchi