faegre drinker

faegredrinker.com

**Bethany N. Mihalik**
Associate
bethany.mihalik@faegredrinker.com
+1 202 230 5311 direct

**Faegre Drinker Biddle & Reath LLP**
1500 K Street, NW, Suite 1100
Washington, DC 20005
+1 202 230 5000 main
+1 202 842 8465 fax

June 9, 2023

Jarrett B. Perlow
Acting Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re: *Intex Recreation Corp. et al v. Team Worldwide Corp.*, Nos. 20-1141, -1142, -1143, -1149, -1150, -1151—Appellants' Rule 28(j) Letter re: *Yita LLC v. MacNeil IP LLC*, No. 22-1360 (Fed. Cir. June 6, 2023) (available at --- F.3d ---, 2023 WL 3829624)

Dear Mr. Perlow:

This Court's recent decision in *Yita LLC v. MacNeil IP LLC* further confirms that the Board did not err in evaluating the secondary considerations evidence and arguments in the proceedings that are the subject of the cross-appeal (Nos. 20-1149, 20-1150, and 20-1151).

In *Yita*, this Court reconfirmed that secondary considerations evidence tied to a feature known in the prior art "is of no relevance in the obviousness inquiry." Slip Op. at 15. The Court also explained that coextensiveness does not end the nexus inquiry—rather, "the connection between the commercial product and prior art [] governs the final nexus question." *Id.* Accordingly, because the alleged evidence of commercial success and industry praise of the commercial product—vehicle foot trays—was tied to a feature undisputedly present in the prior art—"close conformity" or fit of the foot trays in the foot well—the Court overturned the Board's finding that the challenged claims were not obvious. *Id.*

Here, the Board correctly analyzed TWW's alleged secondary considerations evidence. Like the patent owner in *Yita*, TWW's secondary considerations position focused on the alleged success of the claimed "built-in" pump feature. Consistent with the Court's direction in *Yita*, the Board declined to credit TWW's expert's conclusory testimony that every built-in-pump airbed on the market practiced the '394 Patent. Notably, Dr. Stevick provided no explanation differentiating between the "commercial product and prior art," which is significant, as the prior art unquestionably included the "built-in" pump feature. Yellow Br. at 48-49. The Board did not err in declining to find a nexus for products for

which TWW failed to differentiate between the "commercial product and the prior art." Slip Op. at 15.

Respectfully submitted,

/s/ *Bethany N. Mihalik*
Bethany N. Mihalik
FAEGRE DRINKER BIDDLE & REATH
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005
Tel: 202-230-5000
Fax: 202-842-8465
bethany.mihalik@faegredrinker.com

*Counsel for Appellant & Cross-Appellee*
*Intex Recreation Corp.*

*/s/ Steven A. Caloiaro*
Steven A. Caloiaro
DICKINSON WRIGHT PLLC
100 West Liberty Street, Suite 940
Reno, NV 89501
(775) 343-7500
scaloiaro@dickinsonwright.com

*Counsel for Appellant & Cross-Appellee*
*Bestway (USA), Inc.*

## CERTIFICATE OF COMPLIANCE

The letter complies with the type-volume limitation set forth in Fed. R. App. P. 28(j) because the body of the letter contains 276 words.

Dated: June 9, 2023

/s/ *Bethany N. Mihalik*
Bethany N. Mihalik